**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000669**
**10-FEB-2026**
**10:08 AM**
**Dkt. 142 SO**

NO. CAAP-23-0000669


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


KNOXVILLE 2012 TRUST, A DELAWARE STATUTORY TRUST,
Plaintiff/Counterclaim Defendant-Appellee,
v.
DEAN TIBURCIO ALEGADO; EMERITA LABAUSA ALEGADO; BANK OF HAWAII,
A HAWAII BANKING CORPORATION; WEST LOCH ESTATES HOMEOWNERS'
ASSOCIATION, A HAWAII NON-PROFIT CORPORATION,
Defendants-Appellees, and
OPAEHUNA, LLC, A HAWAII LIMITED LIABILITY COMPANY,
Defendant/Counterclaimant/Third-Party Plaintiff-Appellant,
v.
21ST MORTGAGE CORPORATION, A DELAWARE CORPORATION,
Third-Party Defendant-Appellee, and
JOHN DOES 1-20; JANE DOES 1-20; DOE PARTNERSHIPS 1-20;
DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; and DOE GOVERNMENTAL
UNITS 1-20, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC191001166)


## SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

**Opaehuna**, LLC had purchased property in a nonjudicial foreclosure conducted by the West Loch Estates Homeowners Association.  The property was formerly owned by the **Alegados.** **Knoxville** 2012 Trust sued to foreclose the Alegados' mortgage. The Circuit Court of the First Circuit granted Knoxville's motion

for summary judgment and interlocutory decree of foreclosure.[1] Opaehuna appeals from the Final Judgment.  We affirm.

We review a grant of summary judgment *de novo*.  Nozawa v. Operating Engineers Local Union No. 3, 142 Hawaiʻi 331, 338, 418 P.3d 1187, 1194 (2018).  Summary judgment is appropriate if the record shows there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Id. at 342, 418 P.3d at 1198.  The moving party has the burden to introduce admissible evidence to establish the material facts, show there is no genuine issue as to any of them, and explain why it is entitled to a judgment as a matter of law.  Id.

Opaehuna states seventeen overlapping points of error. We address Opaehuna's arguments below.  Points not argued are waived.  See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7).  Opaehuna argues that Knoxville failed to meet its burden of proving the existence of the Alegados' **Note**, and that there was a genuine issue about whether the Note was "valid."

**(1)**  A foreclosing mortgagee must prove the existence of the note evidencing the mortgagor's debt.  Bank of Am. v. Reyes-Toledo, 139 Hawaiʻi 361, 367-68, 390 P.3d 1248, 1254-55 (2017).  Knoxville's counsel produced the original Note at the hearing on the motion for summary judgment.  It was self-authenticating under Rule 902(9), Hawaii Rules of Evidence (**HRE**), Chapter 626, Hawaii Revised Statutes (2016).  U.S. Bank Tr. v. Verhagen, 149 Hawaiʻi 315, 325, 489 P.3d 419, 429 (2021).  The court examined the Note and returned it to counsel.  Knoxville thus met its burden as summary judgment movant to show the existence of the Note.

**(2)**  Opaehuna argues there was a genuine issue of material fact whether the original Note was "valid."  It relies on a document titled *Declaration of Christopher L. Eggert;*

---

[1]  The Honorable John M. Tonaki presided.

*Exhibits "A"-"D"* (**"Eggert Declaration"**).  The Eggert Declaration had been filed in a 2014 lawsuit by **21st Mortgage** Corporation to foreclose the Alegados' mortgage.[2]  It stated that the Alegados' note couldn't be located and was "presumed to be lost or destroyed, but is evidenced by an Affidavit of Loa [sic] Note" that was attached to the declaration.

Opaehuna did not ask the Circuit Court to take judicial notice of the Eggert Declaration.  See HRE Rule 201(d).  The court could have taken judicial notice of "pleadings, findings of fact and conclusions of law" filed in the 2014 lawsuit.  Uyeda v. Schermer, 144 Hawaiʻi 163, 172, 439 P.3d 115, 124 (2019).  "Pleadings" is a term of art, limited to

> a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.

Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 7(a).

The Eggert Declaration is not a pleading, nor is it a finding of fact or conclusion of law.  The Circuit Court could have judicially noticed that the Eggert Declaration had been *filed* in the 2014 lawsuit, but "a distinction must be carefully drawn between taking judicial notice of the existence of documents in the Court file as opposed to the truth of the facts asserted in those documents."  Uyeda, 144 Hawaiʻi at 172, 439 P.3d at 124 (cleaned up).

Opaehuna argues the Eggert Declaration was admissible as an admission by a party-opponent under HRE Rule 803(a)(1) or a vicarious admission under HRE Rule 803(a)(2).  Eggert stated he

---

[2]    We disregard Appendices B, C, and D to Opaehuna's opening brief. They are copies of documents filed in the 2014 lawsuit, but there is no citation to where those documents appear in the record on appeal.  HRAP Rule 28(b)(10) ("Anything that is not part of the record shall not be appended to the brief[.]").

was "Legal Team Leader with 21ST Mortgage Corporation, which services the subject mortgage loan for Plaintiff 21ST MORTGAGE CORPORATION ('Plaintiff') and I am authorized to make this Declaration on its behalf." Here, Knoxville is the plaintiff. There is no evidence in the record that Eggert signed, or was authorized to sign, the Eggert Declaration as Knoxville's agent. It was inadmissible as an admission by Knoxville.

The *Affidavit of Lost Note* attached to the Eggert Declaration was signed by Alana Gerhart, Limited Signing Officer of **Residential Funding** Company, LLC, on August 23, 2010. The Eggert Declaration, signed on August 8, 2016, purports to authenticate Residential Funding records incorporated by 21st Mortgage. But it contains not even "scant" or "'nebulously described' circumstances of trustworthiness" of the incorporated Residential Funding records. See Deutsche Bank Nat'l Tr. Co. v. Yata, 152 Hawai'i 322, 335, 526 P.3d 299, 312 (2023) (citing Verhagen, 149 Hawai'i at 326, 489 P.3d at 430). The Affidavit of Lost Note, to which was attached a purported copy of the Note, was double hearsay, not subject to the HRE Rule 803(b)(6) exception for records of regularly conducted activity.

The Eggert Declaration, being inadmissible to prove the truth of the matters asserted, could not have created a genuine issue of material fact about whether the original Note produced by Knoxville's counsel was "valid."

**(3)** Opaehuna also relies on something it calls the "Eggert Affidavit." It was titled *Testimony of Christopher L. Eggert Pursuant to HRCP Rule 44(e)*[3]*; Exhibit 2.* It was signed by Eggert before a Tennessee notary on July 26, 2023. Exhibit 2 to the document was a copy of the Eggert Declaration and Affidavit of Lost Note.

---

[3]     HRCP Rule 44 relates to proof of official records; it contains no paragraph (e).

The Circuit Court ruled the Eggert Affidavit inadmissible because it was executed after the discovery deadline. Opaehuna argues that Eggert was identified in its final naming of witnesses (he was) and the Eggert Affidavit is not discovery.

The Eggert Affidavit begins: "Upon being called to testify to the following questions, my testimony is as follows: . . . ." What followed was twenty-six questions, and Eggert's responses. It was, in substance, a deposition upon written questions under HRCP Rule 31. It was taken after the discovery cutoff, without leave of court. The Circuit Court did not err by declining to consider it.

Even if the Circuit Court had considered the Eggert Affidavit, it creates no genuine issue of material fact. Viewed in the light most favorable to Opaehuna, it shows the original Note was once considered lost. Until Maria **Middleton**, the custodian of records for Knoxville's loan servicer, found it in the physical loan file, and it was presented to the Circuit Court at the summary judgment hearing.

The Eggert Affidavit answers questions about what Eggert "typically" did, or "would" do. He gave no testimony about what he actually did. He never testified he looked for the Note in the physical loan file. He stated his testimony was "[b]ased on my declaration from 8/8/2016" and the Affidavit of Lost Note, both of which are inadmissible.

The Circuit Court did not err by disregarding the Eggert Affidavit, which in any event did not create a genuine issue of material fact.

**(4)** Knoxville met its burden as summary judgment movant to show the existence of the Note. The burden then shifted to Opaehuna to "demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial." Nozawa, 142 Hawaiʻi at 342, 418 P.3d at 1198.

5

In addition to the Eggert Declaration and Eggert Affidavit, Opaehuna submitted its attorney's declaration purporting to authenticate copies of the Note that were attached to 21st Mortgage's complaint and to the amended complaint filed in the 2014 lawsuit. The copies were identical to the Note, but the allonges were different from those affixed to the original Note produced by Knoxville's counsel at the summary judgment hearing. The copies had to be authenticated by extrinsic evidence. Verhagen, 149 Hawaiʻi at 325, 489 P.3d at 429. Counsel's declaration did not show he had personal knowledge of what allonges were affixed to the Note. See HRE Rule 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). The copies were inadmissible to impeach the original Note.

Opaehuna did not sustain its burden of offering competent, admissible evidence to show a genuine issue of material fact worthy of trial. The Circuit Court did not err by granting Knoxville's motion for summary judgment. The Final Judgment entered on November 2, 2023, is affirmed.

DATED: Honolulu, Hawaiʻi, February 10, 2026.

On the briefs:

Colin B. Sakumoto,
for Defendant/
Counterclaimant/Third-Party
Plaintiff-Appellant.

Louise K.Y. Ing,
Laura P. Mortiz,
for Plaintiff/Counterclaim
Defendant-Appellee
Knoxville 2012 Trust, a
Delaware statutory trust, and
Third-Party Defendant-Appellee
21st Mortgage Corporation,
a Delaware corporation.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge